UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSEMARY CARSON,
as personal representative
of the Estate of Susan
VanArtsdalen, deceased,

      Plaintiff,

v.                        CASE NO. 8:06-CV-291-T-17TBM

FIDELITY AND GUARANTY
LIFE INSURANCE COMPANY,
Joseph G. VanArtsdalen, and
Shawna M. VanArtsdalen,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 8   Amended Complaint
Dkt. 12  Motion to Dismiss
Dkt. 13  Response
Dkt. 14  Motion to Remand
Dkt. 17  Response
Dkt. 19  Reply
Dkt. 21  Reply

This case is a complaint for breach of contract (Count I) and for declaratory judgment (Count II), based on the non-payment of benefits under a life insurance policy which insured Susan VanArtsdalen, deceased.

Case No. 8:06-CV-291-T-17TBM

I. Motion To Dismiss

A. Count I - Breach of Contract

Defendant seeks dismissal of the Amended Complaint because, as to the breach of contract claim, the Estate of the decedent is not a named beneficiary and therefore has no standing to sue.

The Court notes that the children of the decedent filed proofs of claim for life insurance benefits which were also signed by Plaintiff in her capacity as Guardian.

Plaintiff opposes dismissal, has included the beneficiaries as Defendants in the Amended Complaint, and seeks the remand of this case.

Plaintiff has articulated Plaintiff's interest in this case. The insurance policy was purchased by the decedent to pay the mortgage on the decedent's home. Plaintiff, in her capacity as personal representative of decedent's estate, is making the house payments, the home is part of the estate, and the home is presently for sale. The beneficiaries will inherit the house, or the proceeds if the house is sold.

Ordinarily, the beneficiaries of a policy of life insurance are the named plaintiffs in a breach of contract case. The Court notes that there have been cases in which a personal representative pursued a breach of contract claim. See <u>Great Southern Life Insurance Co. v. Porcaro</u>, 869 So.2d 585 (Fla. 4th DCA 2004). Since Plaintiff has named the beneficiaries under the policy as defendants, the Court concludes that the beneficiaries

2

Case No. 8:06-CV-291-T-17TBM

have not authorized Plaintiff to pursue the breach of contract claim on their behalf. It is not clear to the Court why Plaintiff, who signed the beneficiaries' proofs of claim as their guardian, is not authorized to pursue the breach of contract claim as the beneficiaries' "next friend." Florida law permits an authorized representative to pursue claims on behalf of others. See <u>Rauch, Weaver, Millsaps, Bigelow & Company</u>. 453 So.2d 459 (Fla. 4th DCA 1984). Plaintiff is proceeding in the enforcement of the life insurance contract on behalf of the insured, not on behalf of the beneficiaries.

After consideration, the Court finds that Plaintiff has more than a conjectural stake in the outcome of the controversy. The Court denies the Motion to Dismiss as to this issue because Plaintiff's interest is sufficient for purposes of standing under Florida law.

B.  Count II  - Declaratory Judgment

After consideration, the Court denies the Motion to Dismiss as to the declaratory judgment request, as Plaintiff is authorized to prosecute claims for the protection of the estate under S. 733.612 (20), <u>Fla.</u> <u>Stat</u>. However, as the children are minors, an adequate representative must be appointed before the case can proceed further.

C.  Motion to Remand

Plaintiff seeks the remand of this case because the addition of the beneficiaries has defendants has destroyed diversity jurisdiction.

3

Case No. 8:06-CV-291-T-17TBM

Defendant opposes the remand of this case on the basis of fraudulent joinder.

The Court understands that the minor children are the beneficiaries under the life insurance policy, and the current configuration of the parties is not the norm. However, Florida law permits it. The Court is not convinced that the parties have been fraudulently joined. Where there is any doubt as to remand, the Court will resolve that doubt in favor of remand. Accordingly, it is

ORDERED that the Motion to Dismiss is **denied**, and the Motion to Remand is **granted**. The Clerk of Court shall **remand** this case to the Sixth Judicial Circuit, in and for Pinellas County.

DONE and ORDERED in Chambers, in Tampa, Florida on this 30 day of MAY, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4